**Timothy TAYLOR, Plaintiff,**

v.

**Dale E. FOLTZ, Gwen Bogan, Don Wentworth, A.E. Tessmer and John Doe No. 1, Defendants.**

**No. 89–70736–DT.**

United States District Court,
E.D. Michigan, S.D.

Oct. 7, 1992.

Richard T. Urbis, Miller Canfield, Daniel E. Manville, Detroit, Mich., for plaintiff.

Thomas E. McClear, E. Michael Stafford, Michigan Dept. of Atty. Gen., Corrections Div., Lansing, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

GADOLA, District Judge.

The court, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, 28 U.S.C. § 636(b)(1)(B), and LR 72.1(d)(2) (E.D.Mich. Jan. 1, 1992), has reviewed the magistrate judge's May 11, 1992 report and recommendation as well as defendant's May 26, 1992 objections filed thereto. After conducting a *de novo* review, the court accepts the magistrate judge's report and recommendation as the court's findings and conclusions.

## BACKGROUND FACTS

Plaintiff, a prisoner of the Michigan Department of Corrections ("MDOC"), filed this complaint pursuant to 42 U.S.C. § 1983, alleging he was denied his eighth amendment right to be free from cruel and usual punishment and his fifth and fourteenth amendment rights not to be subjected to arbitrary and capricious decisions.

The original *pro se* complaint was filed March 9, 1989. An order for partial dismissal as to defendants Michigan Department of Mental Health and Department of Corrections was entered by this court on April 4, 1989. Mr. Richard T. Urbis was appointed as plaintiff's counsel.

On August 3, 1990, plaintiff filed a motion to amend his complaint. In plaintiff's motion to amend complaint, he stated that if the motion were granted, plaintiff would agree to dismiss the defendants who were not included in the amended complaint. Subsequently, plaintiff's motion to amend

complaint was granted by Magistrate Judge Cooke; and an amended complaint was filed May 17, 1991.

Defendant Gwen Bogan was an assistant resident unit manager at the state prison of southern Michigan at the time of the acts complained of. She was responsible for screening prisoners and recommending placement at appropriate levels. In his amended complaint, plaintiff stated that on June 12, 1985, defendant Dale Foltz signed an order transferring plaintiff to Camp Pugsley. Foltz was the warden of the state prison of southern Michigan at the time of the acts complained of. His responsibilities included approving transfer recommendations made by Bogan. He ordered plaintiff's transfer to Camp Pugley. In November 1985, plaintiff was sexually assaulted by another inmate.

Plaintiff asserts that both Bogan and Foltz had knowledge that plaintiff would be victimized by homosexual predators if not placed in a supervised environment. Plaintiff also claims that by placing him in an unsupervised environment, Bogan and Foltz created a pervasive risk of harm.

According to plaintiff, when he was originally sentenced, the sentencing judge pointed out the special problems that could occur if he were placed in the general prison population. The judge ordered that prison officials be alert to plaintiff's special needs. A copy of the presentence report was also available to Bogan and Foltz. It contained information that plaintiff could easily be in danger if he were allowed to be with the general prison population. After plaintiff's arrival at the reception and guidance center, he was evaluated by a staff clinician. This report stated that "the stress of entering the institution may be enough to result in acting out and causing deterioration in his already limited defenses and coping skills" and that "[plaintiff] came across as a rather peculiar and quite impoverished individual who could be easily disorganized under minor stress conditions." This report was also available to Bogan and Foltz prior to plaintiff's transfer.

While in prison during the months of February and March 1985, plaintiff was given four major misconduct tickets stemming from various confrontations with other prisoners. According to plaintiff, receipt of these misconducts demonstrated that he was having difficulty adjusting to life with the general prison population as the sentencing judge had explicitly predicted. On the transfer order dated June 12, 1985, Bogan stated that plaintiff volunteered to be placed in the camp program. However, plaintiff asserts that he did not volunteer for the Camp Pugsley site. Plaintiff further asserts that if Bogan and Foltz had reviewed his files prior to placing him in the camp program, they would have been alerted to his unstable condition and the sexual assault would have never occurred.

Plaintiff claims that Bogan and Foltz had a duty to review his files to determine whether he could safely be placed in an unsupervised dormitory setting. Plaintiff asserts that Bogan and Foltz prepared, signed and transferred plaintiff all on the same date, leaving no time to sufficiently review his files.

Plaintiff further asserts that defendants A.E. Tessmer and Don Wentworth arbitrarily and capriciously classified plaintiff as a homosexual. Tessmer and Wentworth were both members of the Kinross Correctional Facility Security Classification Committee at the time of the acts complained of. On March 28, 1986, Tessmer and Wentworth reported that plaintiff had a history of homosexual involvement and therefore could not be confined at Kinross Correctional facility.

According to plaintiff, except for the incident in which he was raped, there are no documents pertaining specifically to plaintiff which indicated that he had a history of homosexual involvement. Plaintiff claims that based upon this homosexual labeling, he was then transferred from the Kinross facility to the North Complex of Jackson State Prison. Plaintiff also claims that after he was labeled a homosexual, he was denied a job as a porter and denied a corrections center/resident home application.

On September 15, 1989, Ms. Susan Herman, assistant for prison affairs for the

Michigan Department of Corrections, determined that plaintiff had been "inappropriately labeled as a homosexual." She further found that plaintiff had been sexually assaulted in November 1985.

## STANDARD OF REVIEW.

■ Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (quoting Black's Law Dictionary 881 (6th ed. 1979)) (citation omitted). The Court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 993, 8 L.Ed.2d 176 (1962); *Bender v. Southland Corp.*, 749 F.2d 1205, 1210–11 (6th Cir.1984).

■ The movant bears the burden of demonstrating the absence of all genuine issues of material fact. *See Gregg v. Allen–Bradley Co.*, 801 F.2d 859, 861 (6th Cir.1986). The initial burden on the movant is not as formidable as some decisions have indicated. The moving party need not produce evidence showing the absence of a genuine issue of material fact; rather, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once the moving party discharges that burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. Fed.R.Civ.P. 56(e); *Gregg*, 801 F.2d at 861.

■ To create a genuine issue of material fact, however, the nonmovant must do more than present some evidence on a disputed issue. As the United States Supreme Court stated in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986),

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

(Citations omitted); *see also Celotex*, 477 U.S. at 322–23, 106 S.Ct. at 2552–53; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). The standard for summary judgment mirrors the standard for a directed verdict under Fed.R.Civ.P. 50(a). *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511. Consequently, a nonmovant must do more than raise some doubt as to the existence of a fact; the nonmovant must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F.Supp. 214, 217 (E.D.Mich.1990), *aff'd*, 929 F.2d 701 (6th Cir.1991). The evidence itself need not be the sort admissible at trial. *Ashbrook v. Block*, 917 F.2d 918, 921 (6th Cir.1990). However, the evidence must be more than the nonmovant's own pleadings and affidavits. *Id.*

## APPLICABLE LAW

### DEFENDANT FOLTZ

■ The issue of qualified immunity was briefly addressed by the magistrate judge and will be further discussed by this court. The applicable law states that "government officials performing discretionary functions are afforded qualified immunity, shielding them from civil damages, as long as their conduct 'does not violate clearly established statutory or constitutional

rights of which a reasonable person would have known.'" *Poe v. Haydon,* 853 F.2d 418, 423 (6th Cir.1988) (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982)). In *Poe,* the Sixth Circuit concluded that if the prison official's motivation for transferring Poe, a woman prisoner, to another prison institution was based on gender, then a genuine issue of material fact has been established; and summary judgment should be denied.

■■■ Foltz argues under the authority of *Poe,* that a plaintiff bringing a suit against a public official must plead facts that describe a violation of a clearly established statutory or constitutional right. "Plaintiff's failure to satisfy his burden subjects his pleadings to dismissal at that stage." *Id.* at 425. Foltz argues that plaintiff's section 1983 claim does not satisfy his burden of alleging conduct violating a clearly established constitutional right; therefore, he should be afforded qualified immunity under the eleventh amendment.

■■■ However, plaintiff asserts, and this court agrees, that Foltz's operating procedure in reviewing and authorizing transfers may be defective, creating an unconstitutional condition. A constitutional violation under the eighth amendment requires a prisoner to allege acts or omissions sufficiently harmful to evidence "deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 104–05, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). Failure to segregate violent inmates from non-violent inmates has been held to constitute deliberate indifference and violates the eighth amendment where it can be shown that there is a pervasive risk of harm or where the victim belonged to an identifiable group of prisoners for whom risk of assault is a serious problem of substantial dimension. *Marsh v. Arn,* 937 F.2d 1056, 1062 (6th Cir.1991).

Plaintiff may be considered to belong to an identifiable group. At the time of this physical assault, plaintiff was a twenty-three year old black male, only five feet tall, weighing 120 lbs. Also at the time of this assault, plaintiff suffered from mild mental retardation and had a full scale IQ of only 66, a seizure disorder, and an adjustment disorder which precluded gainful employment.

"Summary judgment would not be appropriate if there is a factual dispute involving an issue in which the question of immunity turns, such that it cannot be determined before trial whether defendant did acts that violate clearly established rights." *Poe,* 853 F.2d at 426. Accordingly, the court agrees with the magistrate judge's recommendation that Foltz's motion for summary judgment be denied on the issue of qualified immunity.

## DEFENDANTS TESSMER AND WENTWORTH

■■■ Plaintiff asserts that because he was mislabeled as a homosexual, he was improperly classified, transferred and denied a prison job. However, prisoners have no constitutionally protected entitlement to reside at a particular institution or to a particular classification. *Meachum v. Fano,* 427 U.S. 215, 219, 96 S.Ct. 2532, 2536, 49 L.Ed.2d 451 (1976); *Montanye v. Haymes,* 427 U.S. 236, 241, 96 S.Ct. 2543, 2546, 49 L.Ed.2d 466 (1976). The court affirms this portion of the magistrate judge's report and recommendation for the reasons fully explained therein.

■■■ Again, the applicable law on a motion for summary judgement is that a district court will consider the allegations put forth by the plaintiff; and "unless the plaintiff's allegations state a claim of violation of clearly established law, the defendant pleading qualified immunity is entitled to dismissal." *Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985). In the instant case, plaintiff has failed to establish that Tessmer and Wentworth's conduct violated a right so clearly established that any official in defendants' position would have clearly understood that he should refrain from such conduct. Therefore, Tessmer and Wentworth should be dismissed from this action based on their qualified immunity. The court affirms this portion of the magis-

trate judge's report and recommendation for the reasons fully explained therein.

## DEFENDANTS NOT NAMED IN THE COMPLAINT

This court affirms this portion of the magistrate judge's report and recommendation to dismiss this portion of plaintiff's claim. Plaintiff has agreed to dismiss the defendants not named in his amended complaint. Specifically, it is recommended that the following defendants be dismissed from this suit: Robert Brown, Daniel Bolden, Marjorie VanOchten, A.E. Platz, Lt. Elkins, William Grant, Paul Sheely, D.W. Trippett, Sgt. O'Toole, Robert D. Mandenberg, Donald E. Houseworth, Dan Wozniak, Dennis Straub, Gene E. Borgert, Susan Herman, C. McNamara, Valerie Fowler, Dennis Jurczak, Marlin H. Roll, Donald Baker and Silas Norman.

## DEFENDANTS BOGAN AND JOHN DOE NO. 1

■ Defendant Gwen Bogan, an assistant resident unit manager at the state prison of southern Michigan, has never been served with process. John Doe has never been identified and has never been served with process. Therefore, these parties should be dismissed.

## ORDER

NOW, THEREFORE, IT IS HEREBY ORDERED, that the magistrate judge's May 11, 1992 report and recommendation is ADOPTED.

IT IS FURTHER ORDERED that defendant Foltz's motion for summary judgment is DENIED.

IT IS FURTHER ORDERED that defendants Tessmer and Wentworth's motion for summary judgment is GRANTED.

A judgment in accordance with this order shall be entered.